**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

CURTIS DUVALL                                                    PLAINTIFF

V.                                No. 4:25-cv-00835-ERE

FRANK BISIGNANO, Commissioner
of the Social Security Administration                            DEFENDANT

## ORDER[1]

Plaintiff Curtis Duvall appeals the Social Security Administration Commissioner's final decision denying his application for disability benefits. For the reasons set out below, the Commissioner's decision is REVERSED.

## I.   Background

On March 8, 2022, Mr. Duvall filed a Title II application for disability and disability insurance benefits due to arthritis. *Tr. 21, 243.*

Mr. Duvall's claim was denied initially and upon reconsideration. On April 23, 2024, an Administrative Law Judge ("ALJ") held a hearing, where Mr. Duvall appeared with his lawyer, and the ALJ heard testimony from Mr. Duvall and a vocational expert ("VE"). *Tr. 37-71.* On July 5, 2024, the ALJ issued a decision finding that Mr. Duvall was not disabled. *Tr. 21-30.* The Appeals Council denied

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge. *Doc. 17.*

Mr. Duvall's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-3.*

Mr. Duvall, who was fifty-two years old at the time of the hearing, has a high school education and past relevant work experience as an auto repair service writer, equipment rental clerk, and auto parts sales manager. *Tr. 49, 64.*

## II.    The Commissioner's Decision

At step one of the required five-step analysis, the ALJ found that Mr. Duvall had not engaged in substantial gainful activity since the alleged onset date of December 18, 2020.[2] *Tr. 23*. At step two, the ALJ determined that Mr. Duvall has the following severe impairments: cervical and lumbar stenosis, osteoarthritis of the knees, and obesity. *Id.* However, the ALJ found that Mr. Duvall did not have an impairment or combination of impairments meeting or medically equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 24-25*.

Next, the ALJ determined that Mr. Duvall has the residual functional capacity ("RFC") to perform light work with the following limitations: (1) no climbing ladders, ropes, or scaffolds; (2) occasional balancing, kneeling, stooping, crouching,

---

[2] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g).

crawling, and climbing ramps or stairs; (3) occasional overhead reaching with the bilateral upper extremities; (4) occasional exposure to cold; and (5) no exposure to hazards such as machinery with moving mechanical parts or unprotected heights. *Tr. 25.*

At step four, the ALJ relied on testimony from a Vocational Expert ("VE") to find that Mr. Duvall is capable of performing his past relevant work as an auto parts sales manager, classified by the VE as a light exertional level job, but actually performed at the medium level. *Tr. 28*.

The ALJ continued to step five, finding that based on Mr. Duvall's age, education, work experience, and RFC, a substantial number of potential jobs were available in the national economy that Mr. Duvall could perform, including merchandise marker, mail sorter, and collator operator. *Tr. 30, 66*. Therefore, the ALJ found that Mr. Duvall was not disabled.

## III.  Discussion

### A.  Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable

mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> Our review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision. Reversal is not warranted, however, merely because substantial evidence would have supported an opposite decision.

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.*

### B.   Mr. Duvall's Arguments for Reversal

Mr. Duvall contends the Commissioner's decision is not supported by substantial evidence because: (1) the RFC did not fully incorporate his limitations; and (2) the ALJ should have found Mr. Duvall's mental impairments to be severe at step two. After carefully considering the record as a whole, I find support for Mr. Duvall's first argument.

### C.   Analysis

Mr. Duvall has knee and back pain that makes daily living hard for him. He rated his pain as severe, and he said that it had worsened during the relevant time period. *Tr. 423*. Objective imaging showed: osteoarthritis in the knees with joint space narrowing; a left meniscus tear; moderate-to-severe nerve compression of the cervical spine with disc desiccation; and marked disc bulges and disc desiccation of the lumbar spine. *Tr. 449, 510, 587*. Mr. Duvall used a cane for mobility and was prescribed a knee brace. *Tr. 27, 396, 423, 480*. His doctors recommended multiple treatment options, such as seeing specialists, narcotic medications, physical therapy, and steroid injections. *Tr. 425, 486, 505, 508, 589*. Nothing provided any significant relief. *Tr. 424, 486.* He was prone to falls, further injuring himself. *Tr. 394*. Mr. Duvall reported that he does not perform very many daily activities, noting that he needed to be seated to shower and perform self-care. *Tr. 285-290*. His wife does most things for him. *Id*. Inability to perform daily activities may preclude work. See *Draper v. Barnhart*, 425 F.3d 1127, 1131 (8th Cir. 2005).

Defendant asserts that because Mr. Duvall did not seek treatment at the beginning of the relevant time period, his conditions were not that significant. *Doc. 16 at 5*. But when Mr. Duvall did seek treatment, he reported severe pain, resulting in compromised activities. *Tr. 448*. Musculoskeletal examinations confirmed the alleged pain with palpation and limited range of motion. *Tr. 445, 589*.

Long-term chronic pain coupled with a long history of treatment can support allegations of disabling conditions. *Cox v. Apfel*, 160 F.3d 1203 (8th Cir. 1998). Aggressive treatment was not working for Mr. Duvall. The ALJ mentioned this but did not incorporate it into the RFC discussion or finding. Light work requires a lot of standing and walking, and the record suggests that such work may have been impossible for Mr. Duvall.[3]

The state-agency medical experts found that Mr. Duvall was more limited than the ALJ's RFC. Both experts said that Mr. Duvall could never climb and one said that Mr. Duvall could never reach overhead. *Tr. 28, 81-90*. The ALJ did not find these opinions to be wholly persuasive and omitted some of these limitations from the RFC, even though Mr. Duvall showed moderate-to-severe conditions that were not responding to treatment. *Id*. The ALJ did not elaborate in any great detail on why he discounted the limitations posed by the agency medical experts. *Tr. 28*.

The ALJ may have benefited from ordering a consultative examination since he did not fully accept the state agency expert opinions, but he did not seek further record development. There was no treating physician RFC opinion in the record, and the ALJ did not seem to credit the fact that multiple treatment modalities were ineffective.

---

[3] Light work is defined as being able to occasionally lift twenty pounds and frequently lift ten pounds as well as being able to sit for a total of six hours in an eight-hour workday and stand and/or walk for a total of six hours in an eight-hour workday. 20 C.F.R. § 404.1567.

Considering the record as a whole, the ALJ's RFC lacks sufficient support in the record.

## IV.  Conclusion

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ erred in finding that Mr. Duvall was not disabled.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is REVERSED, and the case be REMANDED for further review.

Dated 22 June 2026.

_____
UNITED STATES MAGISTRATE JUDGE